IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEMYYA CUNNINGHAM, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-19-2831 |
| ADVENTIST HEALTHCARE, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss ("Motion") filed by Defendant Adventist Healthcare, Inc ("Adventist").[1] ECF No. 19. Having considered the submissions of the parties (ECF Nos. 19, 26 & 27), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

**I.    PROCEDURAL HISTORY**

On September 26, 2019, Plaintiff Semyya Cunningham ("Ms. Cunningham"), pro se, filed a Complaint alleging that Adventist, her former employer, discriminated against her on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). ECF No. 1. Adventist was served on July 6, 2020. ECF Nos. 17 & 19-2 at 5. On July 27, 2020, Adventist filed the Motion to Dismiss that is now under consideration. ECF No. 19. In its Motion, Adventist argues that the Court should dismiss Ms. Cunningham's Complaint for three

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 22

reasons: insufficient service of process, failure to exhaust administrative remedies, and failure to state a plausible claim to relief. *Id.*

## II.     ANALYSIS

### A.     Factual Background

The following allegations are derived from Ms. Cunningham's Complaint. Ms. Cunningham "is an African-American registered nurse." ECF No. 1 ¶ 3. In February 2018, Ms. Cunningham was convicted "on two counts of mail fraud in violation of 18 U.S.C. § 1341, one count of wire fraud in violation of 18 U.S.C. § 1343, and two counts of engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957." *United States v. Cunningham*, 761 F. App'x 203, 205 (4th Cir. 2019); ECF No. 1 ¶ 11. The criminal conduct at issue occurred in 2014 and 2015.[2] *Id.* ¶ 11. On September 7, 2018, Ms. Cunningham was sentenced to a term of imprisonment of twenty-four months. 761 F. App'x at 205.

In March 2018, after her conviction but before her sentencing hearing, Adventist hired Ms. Cunningham to work as a registered nurse at Washington Adventist Hospital. ECF No. 1 ¶ 12. According to Ms. Cunningham, she disclosed her conviction to Adventist at the time she applied for employment. *Id.* ¶ 13.

Ms. Cunningham worked for Adventist for 15 months, from March 2018 to June 2019. *Id.* ¶ 14. Her job duties "were focused exclusively on patient care" and "did not involve wire transactions, mail transactions, handling money or any other activity related to the offenses for which she was convicted." *Id.* ¶ 18. During her employment by Adventist, Ms. Cunningham performed her job satisfactorily and received favorable performance reviews. *Id.* ¶ 19, 20. On June

---

[2] Ms. Cunningham maintains that she was wrongfully convicted of the charges. ECF No. 26-1 at 3.

3, 2019, Adventist informed Ms. Cunningham "that she was being discharged from employment on the basis of her previous criminal history." *Id.* ¶ 21. Ms. Cunningham's manager told her that "the decision had come from above, specifically from Defendant's Human Resources Department." *Id.* ¶ 22. According to Ms. Cunningham, Adventist's Human Resources Manager, Donna Scott ("Ms. Scott"), stated "that all employees with a criminal history must be terminated." *Id.*

Ms. Cunningham immediately protested the termination decision. *Id.* ¶ 24. In an email to Ms. Scott dated June 4, 2019, Ms. Cunningham noted that the Equal Employment Opportunity Commission ("EEOC") has issued guidance to employers "on uniform 'no-hire/must-fire' policies regarding criminal history." *Id.* ¶ 25; ECF No. 1-2. Ms. Cunningham stated that "'[a]cross-the-board' policies have been shown to disparately impact minority employees and applicants." *Id.* She also explained the circumstances surrounding her conviction and her ongoing efforts to "clear [her] name." *Id.* She indicated her desire to continue working and urged Ms. Scott to reconsider the termination decision. *Id.*

In response to Ms. Cunningham's email, Ms. Scott stated that Adventist would not reconsider its termination decision. *Id.* ¶ 26; ECF No. 1-3. She explained that the decision was not based on Ms. Cunningham's race, but was instead based on Ms. Cunningham's recent conviction of serious crimes. *Id.* Ms. Scott also explained Adventist considered the nature of the offenses to be relevant to Ms. Cunningham's duties as a nurse. *Id.* Ms. Scott confirmed that Ms. Cunningham would be terminated effective June 6, 2019. *Id.*

Ms. Cunningham filed a Charge of Discrimination with the Maryland Commission on Civil Rights and the EEOC on June 18, 2019. ECF No. 19-3. In the charge, Ms. Cunningham stated that

3

Adventist discriminated against her on the basis of her race from March 1, 2018, to June 6, 2019. *Id.* She described the particulars of the discrimination as follows:

> I. I began my employment with the above referenced employer in March 2018, as a Nurse. Upon being hired I informed my employer of my prior convictions. On June 6, 2019, I was discharged. Another male was convicted of a crime and was not discharged.
>
> II. Respondent cited prior convictions as it[s] reason for discharge.
>
> III. I believe I was discriminated against with respect to discharge due to my race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.*

The EEOC issued a Dismissal and Notice of Rights to Ms. Cunningham on June 27, 2019. ECF No. 1-1. In the Notice, the EEOC stated that it was "unable to conclude that the information obtained establishes violations of the statutes." *Id.* Ms. Cunningham filed this lawsuit against Adventist on September 26, 2019. ECF No. 1.

In her lawsuit, Ms. Cunningham raises one count against Adventist: disparate impact discrimination, in violation of Title VII. *Id.* at 8. Ms. Cunningham alleges that Adventist "has a policy of relying on the criminal history information of applicants and employees when making employment decisions," that the policy has "no business necessity," that the policy "has a discriminatory adverse impact on racial minority applicants and employees in violation of Title VII," and that she was injured "as a direct result of Defendant's discriminatory policy." *Id.* ¶¶ 34-42.

### B. Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the

4

applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

### C. Failure to Exhaust Administrative Remedies

Adventist argues that Ms. Cunningham's Title VII claim must be dismissed pursuant to Rule 12(b)(6) because she failed to exhaust administrative remedies.[3] ECF No. 19-2 at 7-10. Under Title VII, a plaintiff is required to "exhaust [her] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 592 (4th Cir. 2012); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Requiring exhaustion of administrative remedies serves twin objectives: protecting agency authority in the administrative process and 'promot[ing] efficiency' in the resolution of claims." *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). The EEOC charge "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the

---

[3] Adventist explains that it seeks dismissal "under Rule 12(b)(6), instead of Rule 12(b)(1) in light of the Supreme Court's holding in *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019), that the failure to exhaust administrative remedies is not jurisdictional." ECF No. 19-2 at 8 n.3 (citing *Carter v. Montgomery Cty., Maryland*, No. TDC-18-2249, 2019 WL 3804765, at *2 (D. Md. Aug. 13, 2019) ("The Court will therefore construe the County's claim that Carter failed to exhaust administrative remedies as seeking dismissal under Rule 12(b)(6) for failure to state a claim.")).

initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Jones*, 551 F.3d at 300. If an "EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex," the claim will generally be barred for the plaintiff's failure to exhaust administrative remedies. *Id.* Courts give liberal construction to administrative charges filed with the EEOC, particularly where the complainant is unrepresented. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

Adventist argues that while Ms. Cunningham's Complaint is based on Adventist's alleged maintenance of a policy that has "a discriminatory and detrimental impact on the employment opportunities available to African-American and other minority employees," she made no mention of this policy or its alleged disparate impact in the EEOC charge.[4] ECF No. 19-2 at 8. In fact, Ms. Cunningham's EEOC charge specifically refers to a male employee who was convicted of a crime and not discharged.[5] ECF No. 19-3. It is apparent that Ms. Cunningham's EEOC charge is premised on having been treated less favorably than a similarly situated co-worker because of her race.

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

---

[4] In ruling on Adventist's Motion, the Court will consider Ms. Cunningham's EEOC charge because it is integral to the Complaint. *See Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at 3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, i.e., effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint.") (citations omitted).

[5] In her opposition to the Motion, Ms. Cunningham provides additional information about the other employee: "I was informed by [another employee] that she remembered there having been a white, male employee or coworker who had been convicted of a felony, sentenced to jail time and was allowed to keep his job; working Monday through Friday and serving the jail sentence on the weekends." ECF No. 26-1 at 3.

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII prohibits both overt discrimination, known as disparate treatment, and "practices that are fair in form, but discriminatory in operation," known as disparate impact. *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971). Disparate treatment and disparate impact are distinct theories of discrimination under Title VII. Disparate treatment occurs when an "employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). In cases of disparate treatment, "[p]roof of discriminatory motive is critical." *Id.* Cases of disparate impact are different. "An employee suffers disparate impact in violation of Title VII when an employment policy or practice, although neutral on its face, nevertheless has a disproportionately discriminatory impact on members of a protected group to which the employee belongs." *Banhi v. Papa John's USA, Inc.*, No. RWT-12-0665, 2013 WL 3788573, at *4 (D. Md. July 18, 2013) (citing *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 265 (4th Cir. 2005)). Under a disparate impact theory, proof of discriminatory motive is not required. *See, e.g.*, *Carpenter v. Virginia Dep't of Transp.*, No. 5:06CV00035, 2006 WL 3314436, at *3 (W.D. Va. Nov. 14, 2006) ("While disparate treatment claims require proof of intent, disparate impact claims focus on the *results* of employment practices.") (citing *Griggs*, 401 U.S. at 432).

"Disparate impact claims are distinct from disparate treatment claims; the allegation of one does not *ipso facto* give rise to the other." *Banhi*, 2013 WL 3788573, at *4. A party seeking to raise both types of claims must administratively exhaust each claim before filing a lawsuit. *See Young v. United Parcel Serv. of Am., Inc.*, No. DKC-08-2586, 2010 WL 1346423, at *6 (D. Md.

Mar. 30, 2010) ("Each claim must be separately exhausted before being raised in a suit before the district court.").

Ms. Cunningham's EEOC charge makes no mention of Adventist's alleged employment policy or any disparate impact of the policy. The charge concerns only Ms. Cunningham's disparate treatment by Adventist. In the charge, she complains that she was terminated for sustaining a criminal conviction but a male employee was not terminated for his conviction. These allegations correlate with a disparate treatment claim. In her Complaint, however, Ms. Cunningham alleges that she was terminated because of a policy that has a disparate impact on members of her race. Her charge "fails to include any facts of a facially neutral employment practice" and instead "reference[s] different . . . discriminatory conduct than the central factual allegations in [her] formal suit." *Hadley v. City of Mebane*, No. 1:18CV366, 2020 WL 1539724, at *11 (M.D.N.C. Mar. 31, 2020) (quoting *Chacko*, 429 F.3d at 506).

The Fourth Circuit considered a similar situation in *Abdus-Shahid v. Mayor and City Council of Balt.*, 674 F. App'x 267, 276 (4th Cir. 2017). In that case, the plaintiff's EEOC charge alleged facts consistent with a disparate treatment claim but his complaint alleged a disparate impact claim. *Id.* The Fourth Circuit held that the plaintiff's EEOC charge did not "identify any policy (neutral or otherwise) being challenged as discriminatory in its effect." *Id.* at 275. The court stated: "[T]he problem is that the words used in the EEOC charge do not correlate to the sort of assertions and facts from which a future cause of action based on disparate impact can be discerned." *Id.* (quoting *Chacko*, 429 F.3d at 509). The court concluded that the plaintiff failed to exhaust his administrative remedies with respect to his disparate impact claim and that the claim had properly been dismissed. *Id.*

Like the plaintiff in *Abdus-Shahid*, Ms. Cunningham failed to exhaust her administrative remedies with respect to her disparate impact claim. She failed to identify in the charge "any policy (neutral or otherwise) being challenged as discriminatory in its effect." *Id.* at 275. And she did not "assert any facts that would allow a conclusion that [other members of her protected class] were being disproportionately impacted" by Adventist's actions. *Id.* Ms. Cunningham's charge alleged only that she was treated less favorably than a male coworker. The allegations that Ms. Cunningham made in her charge do not "correlate to the sort of assertions and facts from which a future cause of action based on disparate impact can be discerned." *Id.* Because Ms. Cunningham did not exhaust her administrative remedies for her disparate impact claim, that claim must be dismissed. *See id.*; *see also Fulford v. Esper*, No. 1:19-CV-456, 2020 WL 1324210, at *7 (E.D. Va. Mar. 19, 2020) ("[A]ny alleged disparate-impact theory cannot be asserted by plaintiff here because plaintiff's failure to exhaust any such claim administratively precludes subject matter jurisdiction.") (citing *Abdus-Shahid*, 674 Fed. App'x at 274-75).

Ms. Cunningham argues that her claim should not be dismissed for failure to exhaust administrative remedies because she is not the "author" of the EEOC charge. ECF No. 26-1 at 2. She states that she described "in great detail" what happened with Adventist to the EEOC intake officer and was only asked to "sign, at the end, that what is written is true, and not that it is complete." *Id.* She also notes that the standard form used for her charge does not contain a checkbox to indicate whether the claim is for disparate treatment or disparate impact. *Id.* at 3.

Ms. Cunningham cannot shift the blame for her failure to exhaust administrative remedies to the EEOC. While Ms. Cunningham claims that she explained the circumstances surrounding Adventist's discriminatory conduct to the EEOC intake officer "in great detail," she does not indicate whether she sought to amend the charge once she saw that it did not describe Adventist's

9

alleged discriminatory policy that resulted in a disparate impact. It was her burden to do so. *See, e.g. Flint v. Action Pers., Inc.*, No. 7:13-CV-00406, 2013 WL 6729528, at *2 n.4 (W.D. Va. Dec. 19, 2013) (collecting cases where plaintiffs have sought to blame the EEOC for the plaintiffs' failure to exhaust administrative remedies and courts have dismissed the claims anyway).

As the Fourth Circuit noted in *Abdus-Shahid*, "the exhaustion requirement should not become a tripwire for hapless plaintiffs" and courts "may not erect insurmountable barriers to litigation out of overly technical concerns." 674 Fed. App'x at 275-76. By finding that Ms. Cunningham was required to administratively exhaust her disparate impact claim, the Court does not erect an "insurmountable barrier to litigation" for her. Ms. Cunningham's pro se Complaint and the email she sent to Adventist dated June 4, 2019, each make clear that she has been capable of expressing the salient facts regarding Adventist's allegedly discriminatory conduct at all relevant times. Even construing her EEOC charge liberally, the Court can only find that Ms. Cunningham's allegations concern disparate treatment, not disparate impact. By so finding, the Court does "not require that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). Nor does the Court "require, for purposes of exhaustion, that a plaintiff allege a prima face case before the EEOC." *Id.* Ms. Cunningham is not a "hapless" plaintiff who fell victim to an overly technical exhaustion requirement. She simply failed to make any allegations in her EEOC charge that correlate to the disparate impact claim she raised in her Complaint. Her arguments on this point have no merit. *See id.* ("[W]e hold that a disparate-impact investigation could not reasonably have been expected to grow out of Pacheco's administrative charge because of the following matters taken together: (1) it facially alleged disparate treatment;

(2) it identified no neutral employment policy; and (3) it complained of past incidents of disparate treatment only.").

Ms. Cunningham's motion for leave to file an amended complaint is denied. *See* ECF No. 26 at 1. Because Ms. Cunningham has failed to exhaust her administrative remedies with respect to her disparate impact claim, any amendment of her Complaint would be futile.[6] Even if Ms. Cunningham amended her Complaint, the Court would still be required to dismiss the case for failure to exhaust administrative remedies.

### III.   CONCLUSION

For the reasons set forth above, Ms. Cunningham's Title VII claim for disparate impact discrimination is dismissed with prejudice. A separate Order follows.

<u>February 19, 2021</u>  /s/
Date  Timothy J. Sullivan
 United States Magistrate Judge

---

[6] Having found that Ms. Cunningham failed to exhaust her administrative remedies for the disparate impact claim, the Court declines to consider Adventist's alternative arguments regarding insufficient service and failure to state a plausible claim for relief. Because Ms. Cunningham's Complaint will be dismissed with prejudice, it is unnecessary to consider whether the Complaint should be dismissed without prejudice for failing to properly effect service and for failing to state a claim upon which relief can be granted.